<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
FRANCISCO MUNOZ-VALDEZ,             :
                                    :    Civil Action No.
              Petitioner,           :    12-7745 (RMB)
                                    :
        v.                          :
                                    :
JORDAN R. HOLLINGSWORTH,            :    **O P I N I O N**
                                    :
              Respondent.           :
_____ :

**Bumb**, District Judge:

This matter comes before the Court upon a § 2241 application ("Petition") filed by Francisco Munoz-Valdez ("Petitioner"). <u>See</u> Docket Entry No. 1. Since the Petition arrived unaccompanied by Petitioner's filing fee or by his <u>in forma pauperis</u> application, <u>see id.</u>, the Court denied Petitioner <u>in forma pauperis</u> status without prejudice and directed administrative termination of this matter. <u>See</u> Docket Entry No. 2. In response, Petitioner prepaid his filing fee of $5.00 <u>See</u> Docket Entry dated January 14, 2013. The Court, therefore, will direct the Clerk to restore the instant matter to the Court's active docket and, for the reasons detailed below, will dismiss the Petition for lack of Section 2241 jurisdiction.

**I.     <u>Background</u>**

In November 2004, Petitioner, a native a citizen of an unspecified foreign nation was on a boat situated 160 miles off the coast of the Republic of Columbia. <u>See</u> Docket Entry No. 1, at 12. Petitioner was arrested by the United States Coast Guard and charged with violations of 46 U.S.C. §§ 70503(A) and 70506(A) and 21 U.S.C. § 9601(B). He was extradited to the United

States and eventually sentenced to 135 months of imprisonment in the United States District Court for the Middle District of Florida.[1]

Petitioner is serving his federal sentence at the F.C.I. Fort Dix, Fort Dix, New Jersey.

## II.     Analysis

As stated by this Court:

It is an unfortunate reality of prisoners' litigation that this area of law is particularly amenably to "fad suits," since the news of a judicial decision perceived by inmates as favorable to incarcerated individuals tends to spread throughout prison facilities like wild fire, causing prisoners to commence scores of merely hope-driven, poorly thought-through actions: until that fad gets extinguished by a binding circuit-level or Supreme Court decision, and the next fad grabs the prisoners' attention. . . . Even more unfortunate is the fact that "jail-house" lawyers, upon getting the news, swiftly capitalize on these fleeting fads by preparing boiler-plate-language forms and "selling" them, usually in exchange for cigarettes, favors or contraband items, to lacking-legal-savvy general population inmates, who utilize these meaningless forms and commence legal actions by merely filling up a few blank spaces. . . . The case at bar is, alas, an unfortunate example of such "fad litigation." On November 6, 2012, the United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") issued its decision in United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012). In a nutshell, the Eleventh Circuit concluded that drug trafficking was not an "offense against the Law of Nations" and, thus, Congress exceeded its powers when it enacted the [MDLEA] in such a fashion that it allowed criminalizing of drug trafficking conducted in the territorial waters of another country. . . . So holding, the Eleventh Circuit overturned United States convictions of four people who were trafficking cocaine within Panamanian waters.   In Bellaizac-Hurtado, the U.S. Coast Guard, conducting a routine locally-authorized patrol of Panamanian waters and observing a vessel operating without lights

---

[1] Petitioner asserts that his charges and conviction were entered under the Maritime Drug Law Enforcement Act ("MDLEA"), 94 Stat. 1159, 46 U.S.C. App. § 1901 et seq. Solely for the purposes of the analysis conducted herein, and without making a factual finding to that effect, this Court presumes that Petitioner was actually changed and convicted under the MDLEA. The MDLEA permits the inspection and apprehension of vessels suspected of possessing controlled substances, applies to "vessel[s] subject to the jurisdiction of the United States," id. § 1903(a), which includes vessels "located within the customs waters of the United States," id. § 1903(c)(1)(D), and "vessels registered in a foreign nation where the flag nation has consented or waived objection" to United States jurisdiction. Id. § 1903(c)(1)(C).

or flag, informed the local authorities of that vessel.  The local navy pursued the vessel
until its occupants abandoned it and fled into a jungle; they were caught by the local law
enforcement.  The local navy searched the vessel and discovered approximately 760
kilograms of cocaine.  Panama consented to extradition to and prosecution of the
detained suspects in the United States.  A federal grand jury indicted them, prompting
them to assert lack of the prosecuting court's jurisdiction and unconstitutionality of the
MDLEA, as applied.  Having their motion to that effect denied, they conditionally pled
guilty, while simultaneously raising their aforesaid jurisdictional argument on appeal.
The government responded by arguing that drug trafficking was an offence against the
Law of Nations, but the Eleventh Circuit, after examining that argument under
international customary law, disagreed.  Soon after the entry of Bellaizac-Hurtado,
numerous Section 2241 habeas actions began being filed in federal district courts, this
District included.  The bulk of litigants commencing these matters utilized lengthy but
meaningless, pre-printed pleading forms that asserting reliance on that decision but
allowed the litigants only a handful of blank spaces to fill with their own facts,
effectively preventing the litigants' actual consideration of the claims they were raising.

Ortiz-Dominguez v. Hollingsworth ("Ortiz"), 2013 U.S. Dist. LEXIS 5605, at *1-4 (Jan. 11,

2013); Civil Action No. 13-0025 (RBK) (D.N.J.) (filed 01/02/2013; terminated 01/11/2013),

Docket Entry No. 3, at 1-3 (citations and parenthetical explanations omitted).

One of the above-described pre-printed forms was utilized by the federal prisoner who

initiated the actions in Ortiz; the same form was utilized by Petitioner and other federal inmates.

See, e.g., Cordova v. Hollingsworth, Civil Action No. 13-0165 (RBK) (D.N.J.).  As the litigant

in Ortiz, Petitioner provided the Court with scarce personal information, merely stating: (a) his

name; (b) his date of conviction; (c) the month when he was "seized," presumably, conducting

his drug trafficking activities, i.e., November 2004; (d) the 135-month term of federal

imprisonment imposed upon him; and (e) his claim that his conviction resulted from offenses

committed 160 miles of the coastline of Columbia.[2]  See id.

---

[2] It appears that the prosecution underlying Petitioner's conviction was USA v. Gomez et al., Crim. Action 04-0549 (EAK) (M.D. Fla.), where Narciso Gomez, Francisco Munoz Valdez, Marcantonio Moraden Velazquez, Jose Fuentes Melendez and Pedro Luis Valenzuela were charged with MDLEA-like offences committed, at unspecified location(s), on November 8,

3

And, as in Ortiz, the application at bar closed with a pre-printed prayer for relief, reading:

> Petitioner prays upon this august Court to take immediate action into the constitutional issues presented herein and without delay grant Petitioner's writ and order his judgment vacated in its entirety.

Docket Entry No. 1, at 17.

## II.     Discussion

Being substantively indistinguishable from the Ortiz matter (which was dismissed for lack of Section 2241 jurisdiction), the instant action is likewise subject to dismissal for lack of jurisdiction.[3] "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994); see also Siers v. Ryan, 773 F.2d 37, 45 (3d Cir.), cert. denied, 490 U.S. 1025 (1985).

By enacting 28 U.S.C. § 2255, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.[4]  See Davis v. United

---

2004.  If the Court's presumption to that effect is correct, the docket of USA v. Gomez et al. indicates that Petitioner pled guilty to the charges against him on February 2, 2005.  See id., Docket Entry No. 52.  Petitioner appealed his conviction, but the Court of Appeals for the Eleventh Circuit dismissed his appeal.  See id., Docket Entries Nos. 96 and 142.

[3]  Section 2241 of Title 28 of the United States Code provides:

> The writ of habeas corpus shall not extend to a prisoner unless- . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

[4]  28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the

States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952). "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution," Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), and resort to § 2241 is jurisdictionally barred unless the litigant establishes that § 2255 is a vehicle "inadequate or ineffective" to test the legality of his/her detention.[5] See Cradle v. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

      The Court of Appeals in Dorsainvil addressed a scenario where § 2255 was "inadequate or ineffective" and, thus, permitted resort to § 2241: there, the Court examined challenged raised by a prisoner whose underlying conduct became no a criminal offense in light of an intervening interpretation of the relevant criminal provision by the United States Supreme Court. See Dorsainvil, 119 F.3d at 251-52. The Dorsainvil exception is, however, narrow construed and, paramountly here, inapplicable to the case at bar because: (a) there has been no Supreme Court (or even Third Circuit) precedent holding that Petitioner's drug-related offenses could not qualify as a criminal conduct because of the locale of these offenses; and, (b) in any event, even

---

    sentence.

    [5] A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. Since "[i]t is the inefficacy of the remedy, not the personal inability to use it, that is determinative," id., "Section 2255 is not [deemed] 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539.

under the Eleventh Circuit's ruling in <u>Bellaizac-Hurtado</u>, the conduct charged against Petitioner still qualifies as a crime under the MDLEA.[6]  See <u>Ortiz</u>, 2013 U.S. Dist. LEXIS 5605 (dismissing, on jurisdictional grounds, challenges raised by a litigant whose drug-trafficking conduct took place 34 miles of the coast of Guatemala).

Since Petitioner's challenges could have raised by a timely Section 2255 motion, § 2255 is not an "inadequate or ineffective" vehicle to attack his conviction.  Therefore, this Court is constrained to dismiss his instant Petition for lack of § 2241 jurisdiction.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."  28 U.S.C. § 1631.  However, having no certainty as to the court of Petitioner's conviction (and, correspondingly, being unable to determine with certainty the circuit court which jurisdiction encompasses the court of Petitioner's conviction), this Court finds itself not in the position to direct transfer of this action.[7]

---

[6]  Territorial waters are the coastal waters extending seaward at most for four leagues (twelve nautical miles, <u>i.e.</u>, 19.3 kilometers) from the baseline of a nation, and <u>Mare Liberum</u> (the High Seas) is the entire body of navigable waters of the sea/ocean stretching seaward of the nation's territorial waters.  See UNCLOS, Dec. 10, 1982, 1833 U.N.T.S. 3, art. 3 (entered into force Nov. 16, 1994).  Here, Petitioner asserts that he was arrested [160] miles from the [Columbian] baseline, <u>i.e.</u>, on the High Seas.  Hence, even had <u>Bellaizac-Hurtado</u> been a Supreme Court decision (or, at the very least, a published Third Circuit precedent) which (a) actually decriminalized drug trafficking solely on the particular locale of the offense; and (b) retroactively applied on collateral review, Petitioner would still be not entitled to habeas relief under the so-hypothesized version of <u>Bellaizac-Hurtado</u> decision.

<u>Ortiz</u>, 2013 U.S. Dist. LEXIS 5605, at *16-17, n.8.

[7]  In the event the Court correctly determined Petitioner's underlying criminal action and the court of his conviction (<u>i.e.</u>, the United States District Court for the Middle District of

That being said, no statement made in this Opinion or the Order filed herewith bars Petitioner from seeking leave to file an out-of-time Section 2255 application.

**III. Conclusion**

For the foregoing reasons, the Petition, Docket Entry No. 1, will be dismissed for lack of jurisdiction. No transfer order will be issue.

An appropriate Order accompanies this Opinion.

s/Renée Marie Bumb<br>
**Renée Marie Bumb**<br>
**United States District Judge**

Dated: January 17, 2013

---

Florida), the very fact that the Eleventh Circuit dismissed Petitioner's attack on his criminal conviction advocates against transfer of this matter: the holding of Bellaizac-Hurtado was rendered on direct appeal which, in turn, means that, had the Eleventh Circuit determined a merit in Petitioner's challenge to his judgment of conviction, it would have acted on that determination when it addressed Petitioner's direct appellate challenges.